UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REN'DRICK NUNEZ | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| CLEANBLAST, LLC, NOBLE DRILLING (US), LLC, NOBLE DRILLING EXPLORATION COMPANY, LLC, and NOBLE CORP. | * * | SECTION: MAGISTRATE: |
| * * * * * * * | | RULE 9(h) |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes REN'DRICK NUNEZ, a person of full age of majority and a resident of the Parish of Assumption, State of Louisiana, and for his Complaint, he respectfully avers as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States, and he hereby designates his claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Plaintiff, REN'DRICK NUNEZ, at all times pertinent hereto, was a person of the full age of majority and resident the State of Louisiana.

III.

Made defendants herein are:

1.  CLEANBLAST, LLC., on information and belief, a corporation with its principal place of business in Crowley, Louisiana and said defendant was at all times pertinent hereto authorized to do and doing business within the State of Louisiana and the jurisdiction of this

1

Honorable Court.

2. NOBLE DRILLING (US) LLC, on information and belief, a corporation with its principal place of business in Crowley, Louisiana and said defendant was at all times pertinent hereto authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

3. NOBLE DRILLING EXPLORATION COMPANY, LLC, on information and belief, a corporation with its principal place of business in Crowley, Louisiana and said defendant was at all times pertinent hereto authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

4. NOBLE CORP., on information and belief, a corporation with its principal place of business in Crowley, Louisiana and said defendant was at all times pertinent hereto authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

IV.

At all times pertinent hereto, defendants were the employer of Plaintiff, REN'DRICK NUNEZ, and/or the owner and/or operator of the M/V DON TAYLOR, a vessel on which plaintiff was injured, operating on the navigable waters of the United States of America and within the jurisdiction of this Honorable Court.

V.

At all times pertinent hereto, Plaintiff, REN'DRICK NUNEZ, was employed by the defendants as a seaman and member of the crew of the vessel on which he was injured and acting within the course and scope of his employment with said defendants.

VI.

On or about August 29, 2019, plaintiff was performing his assigned duties aboard the M/V

DON TAYLOR. Suddenly and without warning, and due to the negligence of the defendants and/or their agents and/or employees and/or due to the unseaworthiness of the vessel, plaintiff slipped on oil on the deck that was leaking from an overhead pipe, causing plaintiff to fall and sustain severe and disabling injuries as described herein.

VII.

Plaintiff was in no manner negligent. On information and belief, Plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel on which plaintiff was employed, in one or more of the following respects:

1. Failing to provide Plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain the vessel;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

9. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional paind and suffering and damages;

10. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, REN'DRICK NUNEZ, sustained severe bodily injuries, including but not limited possible ruptured and/or herniated discs and nerve damage in his cervical and/or lumbar and/or thoracic spine, as well as other injuries to the bones, muscles, joints, tendons and other parts of his body.  Pleading further, in the alternative, if it be shown that Plaintiff, REN'DRICK NUNEZ, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, REN'DRICK NUNEZ, has sustained damages in one or more of the following categories, to-wit:

1. Past and future medical expenses;

2. Past and future wage loss or diminution of earning capacity;

3. Past and future physical and mental pain and suffering;

4. Past and future loss of household services;

5. Past and future loss of enjoyment of life;

6. Other damages to be shown at the trial of this matter.

X.

Pleading further, in the alternative, if it be shown that Plaintiff, REN'DRICK NUNEZ, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XI.

Pleading further, in the alternative, if it be shown that plaintiff, REN'DRICK NUNEZ, is not a seaman, then he is entitled to relied under the general maritime law for negligence and/or under the provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Section 901, et seq., and particularly but not limited to Section 905(b) thereof, for the reasons set forth above.

XII.

Plaintiff, REN'DRICK NUNEZ, would show that on the above mentioned dates, he was injured while in the service of the Defendants' vessel. As a result, Defendants had a non-delegable duty to provide the Plaintiff, REN'DRICK NUNEZ, with maintenance and cure benefits. The maintenance rate owed to Plaintiff, REN'DRICK NUNEZ, by defendants is upon information and belief approximately $60.00 (SIXTY AND 00/100 DOLLARS) per day, or such other amount to which he is legally entitled.

XIII.

Should it be determined that Defendants unreasonably, willfully, wantonly arbitrarily and/or capriciously denied payment and/or unreasonably, willfully, wantonly, arbirtartily and/or caprciously delayed payment for maintenance and/or cure or pay an insufficient amount, then Defendants are legally liable to Plaintiff, REN'DRICK NUNEZ, for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

WHEREFORE, premises considered, Plaintiff, REN'DRICK NUNEZ, prays that this Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the plaintiff, REN'DRICK NUNEZ, and against

Defendants, CLEANBLAST, LLC, NOBLE DRILLING (US) LLC, NOBLE DRILLING EXPLORATION COMPANY, LLC and NOBLE CORP., in damages in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of SIXTY ($60.00) per day, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case, along with compensatory damages, attorney's fees, costs and exemplary/punitive damages which may become due for any willful, wanton, arbitrary, and/or capricious failure and/or refusal by the defendants to pay and/or delay in paying plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;and

3. For any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:

  s/ David C. Whitmore
LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE (17864)
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, Louisiana 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380
E-mail: dcw@nola-law.com